David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811



United States District Court
Southern District of New York

---

Karim Samake,

        Plaintiff,

  - against -

The Vinegar Factory, Inc.,

        Defendant.

No.

Complaint

---

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I. Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Wage & Hour Regulations. Plaintiff also asserts a claim for unpaid wage supplements.

## II. Parties

2. Plaintiff Karim Samake is a natural person residing in the State of New York, County of Bronx.

3. Upon information and belief, Defendant The Vinegar Factory, Inc. (the "Employer") is a New York business corporation with a principal place of business in the State of New York, County of New York.

[continued on next page]

### III. Venue & Jurisdiction

4. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that the Employer resides in New York maintains a continuous and systematic presence in the Southern District.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

### IV. Background

7. Upon information and belief, the Employer operates a catering service.

8. Mr. Samake was employed by the Employer, including any predecessors in interest.

9. Mr. Samake was not paid a proper overtime premium for work in excess of 40 hours per week.

### V. Causes of Action and Demand for Relief

#### Count One: Violation of the Fair Labor Standards Act

10. The allegations contained in paragraphs 1 through 9 are incorporated as if restated herein.

11. Plaintiff was an employee of the Employer within the meaning of the Fair Labor Standards Act.

12. Upon information and belief, the Employer was an employer within the meaning of the Fair Labor Standards Act and subject to the same Act.

13. The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiff for the overtime he worked.

### Count II: Violation of New York Wage & Hour Law

14. The allegations contained in paragraphs 1 through 13 are incorporated as if restated herein.

15. Plaintiff was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

16. The Employer was an employer within the meaning of those same regulations.

17. The Employer violated the above regulations in that it did not compensate Plaintiff for the overtime hours he worked. Upon information and belief, the Employer also failed to pay certain wage supplements to Plaintiff upon his separation from Employment, specifically accrued vacation.

WHEREFORE Plaintiff demands judgment against the Employer in the amount of his unpaid compensation and overtime and unpaid wage supplements, together with liquidated and other multiple damages, costs, fees, interest, and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
 Attorney for Plaintiff
K. Samake

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated:   New York, NY
         December 9, 2008